In the Matter of the Application of BERNARD J. REIS to Vacate and Quash an Alleged Subpœna Duces Tecum Purporting to Have Been Issued by the Attorney-General of the State of New York.

Supreme Court, New York County, January, 1927.

**Corporations — fraudulent stock sales — application to vacate subpœna issued, pursuant to General Business Law, § 352, in injunction action to restrain fraudulent negotiation and sale of stock — subpœna is limited to attendance of witnesses preliminary to commencement of action — subpœna issued against petitioner, vacated, where action has been commenced.**

The power conferred upon the Attorney-General by section 352 of the General Business Law (added by Laws of 1921, chap. 649, as amd. by Laws of 1926, chap. 617), to subpœna witnesses, compel their attendance and require the production of books and papers in any investigation of fraudulent practices with respect to the negotiation and sale of securities, is limited to the attendance of witnesses and compulsion of testimony preliminary to the commencement of the action; when such action is commenced, the power no longer exists and the right thereunder becomes terminated.

Accordingly, the subpœna issued against the petitioner herein, pursuant to said statute, must be vacated, where it appears that an action has been commenced to enjoin the fraudulent negotiation and sale of certain stock, and that petitioner's testimony is sought for use in the proceeding for the continuance of an injunction against the defendants named in the action.

APPLICATION for an order vacating a subpœna issued by the Attorney-General to compel petitioner to testify in proceeding under section 352 of the General Business Law.

*Guggenheimer, Untermyer & Marshall* [*Louis Marshall, Nash Rockwood* and *James Marshall* of counsel], for Bernard J. Reis.

*Albert Ottinger, Attorney-General*, attorney in person [*Keyes Winter* and *William H. Milholland* of counsel].

STALEY, J. On January 25, 1927, Bernard J. Reis was served with a subpœna requiring his attendance forthwith before Albert Ottinger, Attorney-General of the State of New York, at 68 Broadway, New York city, to testify in regard to matters relating to the practices of Frank J. Silva and others, in the issue, negotiation and sale of securities in and from the State of New York, and requiring the production of certain books and papers relating to his examination of records of the Wall Street Iconoclast, Inc., in

connection with his affidavit, verified January 24, 1927, in the matter of the Columbia Emerald Development Corporation.

This proceeding seeks an order vacating and quashing said subpœna on various grounds specified, included within which is the assertion that the same is defective and was issued in excess of the power of the Attorney-General.

It appears that on or about the 5th day of January, 1927, an action was commenced by the Attorney-General against Frank J. Silva and others, to obtain an injunction against the fraudulent sale, negotiation and promotion of the stock of the Columbia Emerald Development Corporation. The affidavit referred to in the subpœna was made by the said Bernard J. Reis for use in the proceeding brought by the Attorney-General for the continuance of an injunction against the defendants named in the action.

The authority of the Attorney-General to issue such subpœna is alleged to exist by the provisions of section 352, as contained in article 23-A of the General Business Law (added by Laws of 1921, chap. 649, as amd. by Laws of 1926, chap. 617).* Such power for the issuance of the subpœna under the circumstances existing is not found in the provisions of such article. The power for the issuance of subpœna there conferred is confined and limited to the attendance of witnesses and a compulsion of testimony preliminary to the commencement of an action. When such action is commenced, the power no longer exists and all rights thereunder thereby become terminated and exhausted.

After an action is commenced, even of the character authorized by the above section of the General Business Law, the examination of witnesses is controlled by the procedure set forth in the Civil Practice Act for the examination of witnesses in actions in general.

An order, therefore, may be entered vacating and quashing the subpœna with ten dollars costs to the applicant, Bernard J. Reis.